UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

**CHRISTOPHER C. CLARK,**

                Plaintiff,

- against -

**N.Y.C.D.O.C. (full capacity); COMMISSIONER JOSEPH APONTE; INTAKE PERSONNEL,**

                Defendants.

---------------------------------------------------------------

**MEMORANDUM DECISION AND ORDER**

16-cv-5547 (AMD)

**ANN DONNELLY,** District Judge.

The plaintiff, Christopher C. Clark, who is currently incarcerated at the Anna M. Kross Center ("AMKC") at Rikers Island, filed this Section 1983 action *pro se* on October 3, 2016. The plaintiff's request to proceed *in forma pauperis* is granted. For the reasons set forth below, the complaint is dismissed for failure to state a claim upon which relief may be granted. Nonetheless, the plaintiff is granted thirty days leave, from the date of this memorandum and order, to file an amended complaint as described more fully below. If plaintiff does not file an amended complaint within thirty days, the Clerk of the Court will issue a judgment dismissing the action and closing the case.

## BACKGROUND

The complaint names the New York City Department of Corrections, Commissioner Joseph Aponte, and "Intake Personnel," and alleges: "I was illegally held in non-housing areas in custody at A.M.K.C. after being arraigned by a Judge for more than five days. I was arraigned

1

on 9/27/2014, and was not housed until 10/2/2014." He says that he has sustained mental and physical injury because he takes a "daily regemen [sic] of life sustaining medication," and that he did not receive his medication. The plaintiff seeks monetary damages and "prison/jail reform."

## DISCUSSION

At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)). A *pro se* complaint is held to less stringent standards than pleadings prepared by an attorney; it must be read liberally and interpreted to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Prisoner Litigation Reform Act requires the district court to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The inmate's complaint must be dismissed *sua sponte* if it "fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from relief." 28 U.S.C. § 1915A(b)(1).

Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of his claim against the defendants so that they have adequate notice of the claims against them. *Iqbal*, 556 U.S. at 677–78 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" is not sufficient. *Id.* (internal citations and alterations omitted). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise

unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

## I.  SECTION 1983 CLAIMS

In order to maintain a Section 1983 action, the plaintiff must allege that a person acting under the color of state law engaged in the conduct about which the plaintiff complains, and that the offending conduct deprived the plaintiff of the rights secured by the Constitution or the laws of the United States.  42 U.S.C.A. § 1983.

 The plaintiff names the "N.Y.C.D.O.C." as a defendant in this action.  However, the New York City Department of Correction ("DOC") is an agency of the City of New York, and thus cannot be sued.  *See* N.Y.C. Admin. Code & Charter Ch. 17 § 396 ("All actions . . . for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency."); *see also Reyes v. City of New York*, No. 16-cv-823, 2016 WL 1588503, at *2 (E.D.N.Y. Apr. 18, 2016) (NYC departments and agencies lack the capacity to be sued).  Because the New York City Department of Corrections lacks an independent legal existence and is not a suable entity, the plaintiff's claim against the DOC is dismissed.

The plaintiff also brings suit against Commissioner Aponte, but a supervisory defendant must be personally involved in an alleged constitutional deprivation in order to be liable under Section 1983.  *Grullon v. City of New Haven*, 720 F.3d 133, 138–39 (2d Cir. 2013).  Personal involvement may be established by evidence of a supervisor's direct participation in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information

regarding the unlawful conduct of subordinates." *Hayut v. State Univ. of New York*, 352 F.3d 733, 753 (2d Cir. 2003). In this case, the plaintiff's complaint does not include any allegations to suggest that Commissioner Aponte was personally involved in challenged conduct. Accordingly, the plaintiff's claim against Commissioner Aponte is dismissed.

## II. LEAVE TO AMEND

While not entirely clear from his complaint, the plaintiff seems to be claiming that unnamed defendants were deliberately indifferent to his serious medical needs by failing to provide him with his medication.

While a plaintiff may assert a claim pursuant to Section 1983 that he received inadequate medical care while in custody, "not every lapse in medical care is a constitutional wrong." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006). In order to state a claim that a prison official violated the Constitution, the plaintiff must adequately allege that he meets two requirements. First, the plaintiff must have "had a serious medical condition." Second, the serious medical condition must have been "met with deliberate indifference." *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009) (citation and internal quotation marks omitted). To the extent that the plaintiff intended to assert a deliberate indifference claim, he has not alleged any facts in support of his claim.

Accordingly, and in light of the plaintiff's *pro se* status, he is granted thirty days leave to file an amended complaint. If the plaintiff chooses to file an amended complaint, he must plead sufficient facts to allege a violation of his constitutional rights.

In particular, the plaintiff must:

1. Name as defendants those people who were personally involved in the conduct the plaintiff alleges in the amended complaint.

2. Provide a brief factual description of the events upon which his claim is based.

4

3. Describe what each defendant did or failed to do, and explain how those acts or omissions caused the plaintiff's injury.

4. Include the relevant dates.

If the plaintiff wishes to bring claims against a defendant but does not know that person's name, the plaintiff may identify the unknown defendant as John or Jane Doe, and to the best of his ability describe the person, including title and place of employment (e.g. Correction Officer employed at AMKC). The amended complaint will completely replace the original complaint, and must be captioned, "Amended Complaint," and should list the same docket number as this Order.

## CONCLUSION

The plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim upon which relief may be granted. The plaintiff is granted thirty days leave from the date of this order to file an amended complaint as described above. If the plaintiff fails to comply within the time allowed, judgment dismissing the action shall enter. Pursuant to 28 U.S.C. § 1915(a)(3), I certify that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

    /s/ Ann. M. Donnelly
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      November 4, 2016